**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CHAD ALLEN WILLIAMSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 7:14-CV-0195-HL-TQL** |
| **TIFT COUNTY LAW ENFORCEMENT** | : | |
| **CENTER, et. al.,** | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| **Defendants.** | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **Chad Allen Williamson**, a pretrial detainee currently confined at the Tift County Law Enforcement Center in Tifton, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983.   After conducting a preliminary review of Plaintiff's Recast Complaint (Doc. 10), the undersigned finds that Plaintiff's allegations are sufficient to allow his claims against Defendant **Valerie Hollis** to go forward for further factual development.   It is **RECOMMENDED**, however, that all other parties and claims, as discussed herein, be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

### I.    Motion to Proceed *in forma pauperis*

Plaintiff has been granted leave to proceed in this action *in forma pauperis*.   Plaintiff was, however, also ordered to pay an initial partial filing fee of $48.80.   Plaintiff has now, by letter, advised the Court that he currently has no spendable funds.   He thus requests an extension of time to pay the filing fee.   In light of Plaintiff's current financial inability to pay the initial partial filing fee, Plaintiff's motion (Doc. 9) is **GRANTED**, and the initial fee will be waived.   This does not mean that any part of the full filing fee is waived.   Plaintiff is still obligated to pay the full balance

of the filing fee using the payment plan described in § 1915(b) and ordered herein, see infra p.7-8. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

## II.   Preliminary Screening of Plaintiff's Complaint

### A.  Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court.   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).   The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. See id.   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B.  Plaintiff's Claims

The present action arises out of Plaintiff's confinement at the Tift County Law Enforcement Center ("Tift County LEC").  The Complaint alleges that Plaintiff suffers from Multiple Sclerosis and has been denied needed medication, Copaxone, since his imprisonment in June of 2014.   Plaintiff allegedly advised the head nurse, Defendant Valerie Hollis, that he needed this medication, but she failed to provide it.   This has caused Plaintiff to suffer a loss of vision and severe pain in his legs, head, and back.   Plaintiff was apparently transported to see a neurologist in December of 2014, who also prescribed Copaxone and ordered an MRI.   Plaintiff alleges that, as of January 5, 2015, he had still not been provided the prescribed medication or the MRI.   Plaintiff filed administrative grievances and has now filed the current civil rights lawsuit against Nurse Valerie Hollis, Captain Danny Torez,  Sheriff Gene Scarbrough, the Tift County LEC, Tift County, Georgia, and Southern Health Partners. See Amended Compl. (Doc. 10) at 5.

### A.  Claims against Defendants Hollis, Torez, and Scarbrough

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow him to go forward with claims against **Valerie Hollis** for delay or denial of medical care in violation of the Eighth Amendment.

Plaintiff, however, has failed to state Eighth Amendment claims against Defendants Torez or Scarbrough.  It is clear from Plaintiff's Complaint that he seeks to hold these supervisory officials liable for the actions of their subordinates under a theory of vicarious liability or supervisor liability.  There is no such liability imposed under § 1983.  Rather, to state a claim against a supervisory official, a plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervisor and a constitutional deprivation.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87

(11th Cir.1986).   Plaintiff has not made such allegations or connections here.   It is thus **RECOMMENDED** that Plaintiff's claims against **Captain Torez** and **Sheriff Scarbrough** be **DISMISSED** for failure to state a claim.

> **B.** Claims against the Tift County LEC, Tift County, Georgia, and Southern Health Partners

Plaintiff also fails to state cognizable claims against the Tift County LEC, Tift County, Georgia or Southern Health Partners.   The Tift County LEC is not an entity that can be sued under § 1983. See Brannon v. Thomas County Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (a "county jail is not an entity capable of being sued under Georgia law").   Tift County and Southern Health Partners are not subject to liability under § 1983 for constitutional injuries inflicted by employees. Their liability is limited to injuries arising out of the execution of a policy or custom.   Monell v. Dep't of Soc. Serv.s, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that liability of municipalities under § 1983 is limited to instances of official policy or custom); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir.1997) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality).   Plaintiff does not allege that either Tift County or Southern Health Partners maintained any policy or custom that resulted in the denial of his constitutional rights.   Therefore, it is also **RECOMMENDED** that Plaintiff's claims against the **Tift County LEC**, **Tift County, Georgia** and **Southern Health Partners** be **DISMISSED** for failure to state a claim.

## III.   Conclusion

For those reasons stated herein, Plaintiff's claims against Defendant **Valerie Hollis** will be allowed to go forward for further factual development.   It is **ORDERED** that service be made on this Defendant and that she file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

It is **RECOMMENDED** that all other parties and claims, as discussed herein, be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the Honorable Hugh Lawson, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   See 11th Cir. R. 3-1.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the

Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income

credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 29th day of January, 2015.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr