IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHAD ALLEN WILLIAMSON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| TIFT COUNTY LAW | ) | 7:14-CV-0195-HL-TQL |
| ENFORCEMENT CENTER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF VALERIE HOLLIS, LPN

Defendant Valerie Hollis, LPN ("Nurse Hollis"), hereby submits the following Answer and Affirmative Defenses to the Recast Complaint of Plaintiff Chad Allen Williamson ("Mr. Williamson"), showing the Court as follows:

### FIRST DEFENSE

Nurse Hollis was acting under color of state law and performing discretionary functions and, as such, is entitled to qualified immunity.

### SECOND DEFENSE

Mr. Williamson's claims are barred by his failure to exhaust administrative remedies.

### THIRD DEFENSE

Mr. Williamson fails to state a claim against Nurse Hollis upon which relief may be granted.

### FOURTH DEFENSE

No act or omission on the part of Nurse Hollis caused or contributed to the injuries and damages claimed in the Recast Complaint.

### FIFTH DEFENSE

At all times relevant hereto, the care and treatment rendered to Mr. Williamson by Nurse Hollis met or exceeded the standard of care practiced by nurses generally under similar circumstances and like-surrounding conditions. Accordingly, there is no basis whatsoever upon which Mr. Williamson may recover from Nurse Hollis.

### SIXTH DEFENSE

To the extent that Mr. Williamson establishes a valid claim, which Nurse Hollis denies, then Mr. Williamson's alleged injuries, if any, and damages, if any, were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of this Defendant, which said separate distinct unrelated actions of others or events or accidents were the sole proximate cause of plaintiff's alleged injuries and damages,

if any, for which Nurse Hollis cannot be liable, or were such separate intervening and superseding causes thereof as to absolve Nurse Hollis of any responsibility or liability therefor.

## SEVENTH DEFENSE

To the extent that Mr. Williamson is making professional claims of negligence arising out of medical treatment provided to him by Nurse Hollis, Mr. Williamson's claims are barred by his failure to comply with the requirements of O.C.G.A. § 9-11-9.1.

## EIGHTH DEFENSE

To the extent that Mr. Williamson's Recast Complaint makes a request for punitive damages, the award of punitive damages in a civil rights case, where a plaintiff is entitled to recover costs and attorney's fees, constitutes an excessive fine *per se* under the Eighth Amendment to the United States Constitution. Any award of punitive damages would deprive Nurse Hollis of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

    a.    liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

b.  the award of punitive damages is disproportionate to actual damages; and

c.  multiple awards of punitive damages based on the same conduct violate the double jeopardy clause of the Fifth Amendment of the United States Constitution.

### NINTH DEFENSE

Mr. Williamson's claims are barred in whole or in part by the doctrines of contributory and/or comparative negligence.

### TENTH DEFENSE

Mr. Williamson's claims are barred in whole or in part by the Prison Litigation Reform Act.

### ELEVENTH DEFENSE

Mr. Williamson's claims are barred because any alleged injuries are, at best, de minimis in nature.

### TWELFTH DEFENSE

Nurse Hollis asserts the defenses of insufficiency of process and insufficiency of service of process pursuant to FRCP l2(1)(4) and 12(1)(5), respectively.

## THIRTEENTH DEFENSE

Given that Mr. Williamson's Recast Complaint is narrative in nature, it is not possible to respond separately to each allegation made by Mr. Williamson by paragraph number. As such, Nurse Hollis now answers Mr. Williamson's Recast Complaint as follows:

1.

Nurse Hollis is without knowledge sufficient to form a belief as to the truth of any of the allegations concerning any of the other defendants in this action and therefore can neither admit nor deny the same.

2.

Sections I-IV of Mr. Williamson's Recast Complaint are not factual allegations requiring a response.

3.

In response to Section V. of Mr. Williamson's Recast Complaint, Nurse Hollis denies that she was deliberately indifferent to any of Mr. Williamson's purported serious medical needs and denies that she failed to render proper treatment or administer Mr. Williamson's prescribed medication as ordered. Nurse Hollis further states that the medical care she rendered to Mr. Williamson met or exceeded the standard of care practiced by nurses generally under similar

circumstances and like-surrounding conditions. Nurse Hollis denies the remaining allegations contained in Section V of Mr. Williamson's Recast Complaint.

4.

Nurse Hollis denies each and every allegation contained in Mr. Williamson's Recast Complaint that is not specifically admitted herein and denies that Mr. Williamson is entitled to any relief whatsoever, monetary or otherwise.

**WHEREFORE**, having fully answered Plaintiff Chad Allen Williamson's Recast Complaint, Nurse Hollis demands that she have judgment in her favor, that all costs be taxed against Mr. Williamson, and that Nurse Hollis be awarded such other relief as this Court deems just and proper.

Respectfully submitted, this the 26th day of February, 2015.

*/s/ Shira Adler Crittendon*
Shira Adler Crittendon
Georgia Bar No. 005425

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone: (404) 681-3450
Facsimile:  (404) 681-1046
E-mail:     scrittendon@swfllp.com

*Attorney for Defendant*
*Valerie Hollis, LPN*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF VALERIE HOLLIS, LPN** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

I also certify that I have deposited a true copy of same in the United States Mail first class mail, proper postage prepaid, addressed to the following non-CM/ECF participant:

Chad S. Williamson – #28735<br>
Tift County Jail<br>
P.O. Box 46<br>
Tifton, Georgia 31793

This 26th day of February, 2015.

*/s/ Shira Adler Crittendon*
Shira Adler Crittendon
Georgia Bar No. 005425

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone: (404) 681-3450
Facsimile:  (404) 681-1046
E-mail:     scrittendon@swfllp.com

*Attorney for Defendant*
*Valerie Hollis, LPN*